UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MICHAEL BITTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-04241-SLD-JEH |
| | ) | |
| WRIGHT MEDICAL GROUP, INC. and | ) | |
| TORNIER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' motion to dismiss, ECF No. 4, and the Magistrate Judge's Report and Recommendation, ECF No. 11, recommending that the motion to dismiss be granted and that Plaintiff's complaint be dismissed without prejudice. For the following reasons, the Report and Recommendation is ADOPTED, Defendants' motion to dismiss is GRANTED, and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff Michael Bittner was the surgical recipient of an allegedly defective elbow prosthetic device manufactured by Defendant Tornier, Inc., which later merged into Defendant Wright Medical Group, Inc. Compl. ¶¶ 5–10, Not. Removal Ex. A, ECF No. 1-1. Plaintiff filed a products liability suit in state court, which Defendants removed to this Court on the basis of diversity jurisdiction. Not. Removal, ECF No. 1. Defendants then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) on the ground that this Court lacks personal jurisdiction over Defendants. Mot. Dismiss, ECF No. 4. In response, Plaintiff argues the Court may exercise personal jurisdiction over Defendants, but if the Court finds to the contrary, he requests leave to file an amended complaint after limited jurisdictional discovery. Resp. Mot.

Dismiss, ECF No. 9.  The motion was referred to Magistrate Judge Jonathan E. Hawley and a Report and Recommendation was entered.  Report & Recommendation (hereinafter "R&R"), ECF No. 11.  Neither party filed an objection.

## DISCUSSION

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition.  Fed. R. Civ. P. 72(b)(1).  Parties may object within fourteen days of being served with a copy of the recommended disposition.  *Id.* 72(b)(2).  The district judge considers de novo the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings.  *Id.* 72(b)(3).  If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error only.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In reviewing Defendants' motion to dismiss, the Magistrate Judge's role was to look to Illinois law to determine whether Plaintiff has established a prima facie case of personal jurisdiction.  *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (explaining that the prima facie standard applies where the district court rules on a motion to dismiss based on the submission of written materials); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (noting that a federal court sitting in diversity must look to the forum state's law of personal jurisdiction).  The Magistrate Judge was to evaluate whether Defendants have the requisite contacts with Illinois such that the exercise of personal jurisdiction would "not offend traditional notions of fair play and substantial justice."  *Hyatt*, 302 F.3d at 715–16 (quotation marks omitted) (noting that there is "no operative difference" between Illinois constitutional and federal constitutional limits on personal jurisdiction).  The Magistrate Judge

was to resolve all disputes of relevant fact in Plaintiff's favor. *See Purdue Research Found.*, 338 F.3d at 782. Because Plaintiff conceded that the Court does not have general personal jurisdiction over Defendants, the Magistrate Judge limited his inquiry to whether the Court may exercise specific personal jurisdiction over Defendants. R & R 2.

The Magistrate Judge recommends that the motion to dismiss be granted because the Court may not exercise specific personal jurisdiction over Defendants. *Id.* at 5, 8. The sole allegation in Plaintiff's Complaint connecting Defendants to Illinois is that they conduct business in Illinois. *Id.* at 4–5, 8. This allegation is insufficient to demonstrate that the suit arose out of or relates to Defendants' contacts with Illinois, as is required for specific personal jurisdiction. *Id.* at 4–5. The Magistrate Judge also recommends that the Court deny Plaintiff's request for limited jurisdictional discovery because Plaintiff has not made a threshold showing of personal jurisdiction. *Id.* at 8–9. Finally, the Magistrate Judge recommends that Plaintiff's Complaint be dismissed without prejudice and that Plaintiff be allowed to file an amended complaint. *Id.* at 9.

The Court finds that the Magistrate Judge's Report and Recommendation does not contain clear error. *See Johnson*, 170 F.3d at 739. After careful and independent review, the Court concurs with the recommendation of the Magistrate Judge for the reasons set forth in his Report and Recommendation. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) ("If no party objects to the magistrate judge's action, the district judge may simply accept it.").

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation, ECF No. 11, is ADOPTED. Defendants' motion to dismiss, ECF No. 4, is GRANTED, and Plaintiff's

complaint, ECF No. 1-1, is DISMISSED WITHOUT PREJUDICE.  The Court grants Plaintiff leave to amend his complaint within fourteen days of the entry of this order.

Entered this 1st day of March, 2018.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
